## COMMISSIONER OF INTERNAL REVENUE v. INTER-MOUNTAIN LIFE INS. CO.
### No. 1003.

Circuit Court of Appeals, Tenth Circuit. June 11, 1934.

Edward H. Horton, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Seawall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Delos C. Johns, of Kansas City, Mo. (Charles E. McLaughlin, of Sacramento,

Cal., Homer H. Berger, of Kansas City, Mo., and Abram R. Serven, of Washington, D. C., on the brief), for respondent.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

Consistent with its many rulings on the point, the Board of Tax Appeals allowed respondent a deduction in its 1922 return (Revenue Act 1921, § 245 (a) (2), 42 Stat. 261) on account of reserve funds held to meet its liabilities to holders of matured, unsurrendered and unpaid coupons attached to its twenty-payment life coupon nonparticipating policies. The Commissioner has petitioned to review.

Respondent is a Utah corporation. Nineteen coupons are attached to a policy which is fully paid in twenty years—one maturing each policy year after the first. Each is a promise to pay the amount thereof to the policyholder in event all premiums due at the maturity of the coupon have been paid. The insured may use any coupon to purchase additional paid-up insurance. Coupons which have been paid, or which have been used to purchase such additional insurance, are not here involved. We are here concerned only with matured but unsurrendered coupons.

Such coupons may be withdrawn in cash, with interest, at any time after maturity. But they need not be. The insured may, at his own option, use them to mature the policy at the end of twenty years for $14,130 instead of $10,000, if he is then insurable; or at the end of twenty years, without medical examination, use them to purchase an annuity of $174.40 payable during his life; or, without medical examination, use the first fourteen coupons to mature the policy for the full $10,000 at the end of fifteen years instead of twenty. In short, the company has agreed to issue life insurance or an annuity to the policyholder in exchange for his coupons, at the option of the insured. The reserves in question are set up against that contingent liability to the policyholder. Until the insured elects to withdraw in cash, the company faces the contingent liability of their conversion into life insurance.

In his brief, the Commissioner concedes that the Utah statutes require reserves to be set up against the liabilities on such coupons. It is contended that such reserves are not the technical reserves contemplated by the taxing statutes.

The same argument, supported by the same authorities, was addressed to this court in Commissioner v. Great American Life Insurance Company, 70 F.(2d) 133. The present case is concededly indistinguishable. Counsel, with commendable frankness, insists that our opinion in that case, similar opinions by the Third and Ninth Circuits, and the numerous decisions on the precise point by the Board of Tax Appeals, are all wrong. Perhaps they are, although counsel's brief serves only to fortify our belief in the soundness of these opinions. But if they are all wrong, the orderly way is to petition the Supreme Court for certiorari. The Supreme Court may not grant certiorari, it is true, in the absence of a conflict between the Board and any Circuit. But we cannot decide a case contrary to our convictions in order to supply such a conflict.

Notwithstanding a proper reluctance to reexamine a point just decided after mature consideration, we have studied the briefs submitted. Nothing new is added to the arguments heretofore passed on. We are still of the opinion that a liability which may be converted into life insurance at the option of the insured, is one against which a technical reserve must be set up, if the laws of the states are to afford any security to those who invest their savings in life insurance.

The petition to review is denied.